UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: ________

DFL ENTERTAINMENT, INC.,

Plaintiff,

-against-

KHARIN KHARBOUCH, a/k/a YOUNGY FRENCHY, a/k/a FRENCH MONTANA, COCAINE CITY RECORDS, KON LIVE DISTRIBUTION, INTERSCOPE RECORDS, UNIVERSAL RECORDS,

Defendants.

REPORT AND RECOMMENDATION

10 Civ. 4658 (ALC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ANDREW L. CARTER, UNITED STATES DISTRICT JUDGE

On June 15, 2010, the plaintiff DFL Entertainment, Inc., ("DFL"), commenced this action by filing a complaint with the Clerk of Court. On June 2, 2011, pursuant to Federal Rule of Civil Procedure 41(a)(1), DFL dismissed this action, voluntarily, against defendants Universal Records and Interscope Records. Similarly, on June 23, 2011, defendant Kon Live Distributions, L.L.C. was dismissed from this action, voluntarily, by DFL. On January 25, 2012, during a conference with the your Honor, DFL informed the court of its settlement with defendant Cocaine City Records, and of its intention to move for a judgment by default against the only remaining defendant, Kharin Kharbouch ("Kharbouch").

On May 3, 2012, DFL attempted to file electronically a motion for judgment by default against Kharbouch; the submission was not entered on the docket sheet by the Clerk of Court, as a properly filed motion, due to DFL's failure to comply with the rules applicable to filings made via the Court's Case Management/Electronic Case Filing system. The docket sheet indicates that DFL was directed to cure the deficiency and to re-file the motion. DFL failed to do so.

Therefore, on July 27, 2012, the undersigned issued an order directing DFL to "file its motion for judgment by default, against Kharbouch, on or before August 6, 2012." In that order, the Court cautioned DFL that failure to file its motion, would result in the issuance of a report recommending to your Honor that the complaint be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute, or for a party's failure to comply with a court order. See LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lucas v. Miles, 84 F.3d 532, 534 -35 (2d Cir. 1996). As of the date of this report, DFL has not complied with the July 27, 2012 order, as it has not filed a motion for judgment by default against Kharbouch.

**RECOMMENDATION**

For the reasons set forth above, I recommend that the instant action be dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, 500 Pearl Street, Room 670, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Carter. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 23, 2012

Respectfully submitted,

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE